UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KEVIN D. MCHENRY** | **CIVIL ACTION NO. 18-0132** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **STATE OF LOUISIANA** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff Kevin D. McHenry, an inmate at Morehouse Parish Jail proceeding pro se and in forma pauperis, filed the instant Complaint on February 1, 2018, under 42 U.S.C. § 1983. Plaintiff names the State of Louisiana as Defendant.[1] For the following reasons it is recommended that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

**Background**

Plaintiff implies that, in October of 2017, he was falsely charged with a crime or disciplinary infraction while incarcerated at Morehouse Parish Jail and that surveillance evidence proves his innocence. He does not, however, allege the crime or infraction with which he was charged. Nor does he state whether the disciplinary proceeding is pending or whether he was convicted or otherwise found guilty. For relief, he asks the Court to "dismiss the case."

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is an inmate who has been permitted to proceed in forma pauperis. As a prisoner

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. The State of Louisiana**

Plaintiff names only the State of Louisiana as Defendant, and he seeks only prospective relief. Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."[3] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); see *Matherly v. State of La.*, 3 F.3d 436 (5th Cir. 1993) ("The State of Louisiana is absolutely immune from liability for injunctive relief in section 1983 actions under the Eleventh Amendment."). Here, therefore, Plaintiff's Complaint should be dismissed.

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Kevin D. McHenry's

---

[3] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Id.* (internal quotation marks and quoted sources omitted).

Complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 7th day of May, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE